UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ADRIAN DONNELL JENKINS

v.  Case No.: 8:10-cv-893-T-24-EAJ
  8:04-cr-247-T-24-EAJ

UNITED STATES OF AMERICA

_____/

**ORDER**

This cause comes before the Court on Petitioner's motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255.  (CV Doc. No.1; CR Doc. No. 87). The Government filed a response in opposition (CV Doc. No. 7), to which Petitioner filed a reply (CV Doc. No. 8).  As explained below, Petitioner's motion is **DENIED**.

**I.  Background**

Petitioner pled guilty to the charge of possessing with intent to distribute five grams or more of cocaine base.  (CR Doc. No. 40).  He pled pursuant to a plea agreement which contained an appeal waiver.  On December 3, 2004, he was sentenced to 188 months of imprisonment. (CR Doc. No. 47).  He was sentenced as a career offender.  He did not appeal this sentence.  The Government later filed a Rule 35 motion, and on September 30, 2005, the Court granted the motion, and amended the judgment, reducing his sentence to 151 months of imprisonment.  (CR Doc. No. 58).  Thereafter, on April 14, 2010, Petitioner submitted the instant § 2255 motion for filing.

**II.  Motion to Vacate Sentence**

In his §2255 motion, Defendant claims that the decision in Johnson v. United States, 130 S. Ct. 1265 (2010), renders him actually innocent of being a career offender, and therefore, he should not have received an enhanced sentence.  Specifically, Petitioner argues that his

underlying conviction for battery on a law enforcement officer no longer qualifies as a crime of violence under <u>Johnson</u> and <u>Williams</u>[1], and as such, it cannot be used to support the career offender enhancement.

The flaw in Petitioner's argument, however, is that he had two other qualifying felonies that support his career offender classification–he was convicted of possession of cocaine with intent to sell or deliver in 1994 and again in 2001.  Petitioner argues that those two cocaine convictions do not qualify as controlled substance offenses that can support a career offender enhancement, because a prior version of the Florida statute he violated criminalized not only the selling of a controlled substance, but also the purchasing of it, and the mere purchase of cocaine is not a sufficient underlying felony.  This argument has no merit.

These cocaine felonies were listed in Petitioner's Presentence Investigation Report as felonies that supported his career offender classification.  At sentencing, Petitioner did not object to these felonies being used to support his career offender classification, nor did he argue that these convictions were for purchasing cocaine as opposed to selling it. (CR Doc. No. 72).  As such, the fact that he was twice convicted of possession of cocaine with intent to sell or deliver is deemed admitted, and the Court was entitled to rely on those convictions to support the enhancement.  <u>See</u> <u>U.S. v. Kicklighter</u>, 346 Fed. Appx. 516, 519 (11th Cir. 2009).  Therefore, Petitioner had two qualifying felonies to support his career offender classification, and as such, he is not actually innocent of being a career offender.

Defendant's motion is otherwise time-barred.  The Court sentenced Defendant on December 3, 2003 and entered judgment that same day.  Defendant did not directly appeal his judgment and sentence.  Because Defendant did not directly appeal the judgment, it became final on December 17, 2004, when the time for filing Defendant's direct appeal had passed. Defendant had one year, or until December 17, 2005 to file his §2255 notion.  However, he waited until April 14, 2010.  Defendant's motion is time-barred unless he can show he was

---

[1] <u>U.S. v. Williams</u>, 609 F.3d 1168 (11th Cir. 2010).

prevented from filing a timely motion because of extraordinary circumstances beyond his control. Defendant has shown none.

### III. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Petitioner's § 2255 motion (CV Doc. No.1; CR Doc. No. 87) is **DENIED**. The Clerk is directed to enter judgment against Petitioner in the civil case and then to close that case.

### CERTIFICATE OF APPEALABILITY AND
### LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHERED ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). Id. "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** at Tampa, Florida, this 2nd day of November, 2010.

Copies to:
Counsel of Record
Pro-se Petitioner

SUSAN C. BUCKLEW
United States District Judge