UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ADRIAN DONNELL JENKINS

v.                                                          Case No.: 8:10-cv-893-T-24-EAJ
                                                                     8:04-cr-247-T-24-EAJ

UNITED STATES OF AMERICA

_____/

### ORDER

This cause comes before the Court on Petitioner's motion for reconsideration. (Doc. No. 11). As explained below, Petitioner's motion is **DENIED**.

### I.  Background

Petitioner pled guilty to the charge of possessing with intent to distribute five grams or more of cocaine base. On December 3, 2004, he was sentenced as a career offender, and he did not appeal his sentence. Thereafter, on April 14, 2010, Petitioner filed a § 2255 motion, in which he argued that he was actually innocent of being a career offender and should not have received the enhancement. On November 2, 2010, this Court denied his § 2255 motion, finding that: (1) he had two qualifying felonies that supported his career offender classification–he was convicted of possession of cocaine with intent to sell or deliver in 1994 and again in 2001; (2) the cocaine felonies were listed in Petitioner's Presentence Investigation Report as felonies that supported his career offender classification, he did not object to them at sentencing, and as such, the felonies were deemed admitted and the  Court was entitled to rely on them to support the enhancement; and (3) his § 2255 motion was otherwise time-barred.

### II.  Standard of Review

There are three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or to

prevent manifest injustice. <u>Sussman v. Salem, Saxon & Nielsen, P.A.</u>, 153 F.R.D. 689, 694 (M.D. Fla. 1994)(citations omitted). The Court notes that reconsideration of a previous order is an extraordinary remedy to be employed sparingly. <u>See</u> <u>id.</u> (citations omitted). Upon review, the Court finds that Petitioner has not shown that reconsideration is warranted.

### **III.  Motion for Reconsideration**

In this motion, Petitioner contends that this Court erred in relying on his two prior convictions for possession of cocaine with intent to sell or deliver in 1994 and 2001. Specifically, he argues that based on the Fifth Circuit's decision in <u>U.S. v. Gonzales</u>, 484 F.3d 712, 715 (5th Cir. 2007), his prior cocaine convictions do not qualify as serious drug offenses sufficient to support a career offender enhancement. The Court rejects this argument.

This Court is not bound by the <u>Gonzales</u> case, since it is a Fifth Circuit case. Furthermore, the facts of the instant case are distinguishable from those in <u>Gonzales</u>.

In <u>Gonzales</u>, the court determined that a conviction under a Texas statute that criminalized the delivery of a controlled substance was not a serious drug offense that could support the career offender enhancement, because the Texas statute defined "delivery" to include *offering to sell* a controlled substance. <u>See</u> <u>id.</u> at 714-15. In the instant case, Petitioner has not shown that his underlying cocaine convictions are based on a statute that defines "delivery" the same way as the Texas statute in <u>Gonzales</u>.[1] As such, Petitioner's reliance on <u>Gonzales</u> is misplaced.

### **IV.  Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that Petitioner's motion for reconsideration (Doc. No. 11) is **DENIED**.

---

[1] Petitioner states in his motion that his prior cocaine convictions are for violations of Florida Statute § 893.13(1)(a), which makes it "unlawful for any person to sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance." Florida Statute § 893.02 defines "delivery" as "the actual, constructive, or attempted transfer from one person to another of a controlled substance."

2

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHERED ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). Id. "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** at Tampa, Florida, this 4th day of January, 2011.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
Pro-se Petitioner